David Albert Pierce, Esq. [SBN 162396]
F. Robert Nakahiro, Esq. [SBN 130110]
PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212
Telephone: (310) 274-9191
Facsimile: (310) 274-9151
Email: david@piercelawgroupllp.com
        robert@piercelawgroupllp.com

Attorneys for Plaintiffs MINDLAB MEDIA, LLC, RICHARD "MACK" MACHOWICZ

UNITED STATES DISTRICT COURT

IN AND FOR

CENTRAL DISTRICT OF CALIFORNIA

MINDLAB MEDIA, LLC, a California )
Limited Liability Company; RICHARD )
MACHOWICZ, )
                                  )
            Plaintiffs,           )
                                  )
      vs.                         )
                                  )
LWRC INTERNATIONAL, LLC a         )
Maryland Limited Liability Company; )
FAILZERO, an unknown Florida entity; )
DOES 1 to 10, inclusive,          )
                                  )
            Defendants.           )
                                  )
                                  )
                                  )
                                  )
                                  )

Case No. 

**COMPLAINT FOR DAMAGES:**

**1. COPYRIGHT INFRINGEMENT UNDER COPYRIGHT ACT OF 1976, 17 U.S.C. §§101,** *et seq.*
**2. LANHAM ACT VIOLATION 15 U.S.C. §1125**
**3. COMMON LAW RIGHT OF PUBLICITY**
**4. VIOLATION OF CALIFORNIA CIVIL CODE §3344**
**5. UNFAIR BUSINESS PRACTICES BUSINESS AND PROFESSIONS CODE §17200,** *et seq.*

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

COMES NOW Plaintiffs MINDLAB MEDIA, LLC, a California limited liability company and RICHARD MACHOWICZ, an individual, for themselves and for no others, and complains against Defendants, and each of them, and seeks relief pursuant to the following claims alleged herein as follows:

## I

## THE PARTIES AND JURISDICTION AND VENUE

1.      Plaintiff MINDLAB MEDIA, LLC (hereinafter sometimes referred to as "MINDLAB") is and at all times herein mentioned was a limited liability company organized and operating pursuant to the laws of the State of California with its principal place of business located in the County of Los Angeles, California and serves as the business entity responsible for loaning out the services of celebrity Richard "Mack" Machowicz and holding, managing and licensing certain copyrights, trademarks and other intellectual property, (including right of publicity) associated with Richard "Mack" Machowicz.

2.      Plaintiff RICHARD "MACK" MACHOWICZ (hereinafter referred to as "MACK") is a world renowned celebrity weapons expert, television personality and motivational speaker who has starred in numerous past and present television series and who has a fan base that rivals few in the world of gun enthusiasts. MACK is also the president and sole owner of MINDLAB MEDIA.

3.      Plaintiffs allege upon information and belief that during all times herein mentioned, Defendant LWRC INTERNATIONAL, LLC (hereinafter referred to as "LWRCI") was a limited liability company organized, existing and operating under the laws of the State of Maryland engaged in the sales of firearms designed for use by militaries, law enforcement and private citizens, with gross earnings well in the millions of dollars.

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

4.      Plaintiff allege upon information and belief that during all times herein mentioned, Defendant FAILZERO was an unknown entity with an address in Florida.

5.      Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 to 10, inclusive, and therefore Plaintiffs sue these Defendants by such fictitious names. Plaintiffs may seek leave of this Court, if required, to amend this complaint to allege the true names and capacities of any DOE Defendant when their said true identity and/or capacity are ascertained. Plaintiffs are informed and believe, and upon that basis allege that each of said DOE Defendants in some manner participated in, and is responsible for, the actions alleged herein, and proximately caused the resulting damages to Plaintiffs.

6.      Plaintiffs are informed and believe, and upon that basis allege that in doing the acts and actions complained of herein, that all Defendants were the alter egos, agents, servants, and employees of each of the other Defendants. In doing the acts and actions as alleged herein, all Defendants were acting within the course and scope of such relationship and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants.  Plaintiffs further allege that each Defendant herein mentioned was at all times the agent and/or employee of the remaining Defendants and that each such Defendant was acting within the course and scope of said agency and/or employment, as well as acting for their own individual benefit and interest, and therefore each Defendant is sued as the agent and/or employee of every other Defendant, as well as in his/her or its individual capacity to the extent alleged and described in this complaint.

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331 in that this is a civil action involving a federal question. This Court also has original jurisdiction over this action pursuant to 28 U.S.C.

Section 1332 in that it is a civil action between citizens of different states in which the matter in controversy well exceeds many times over, the jurisdictional minimum of this Court.

8.      Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391 in that a substantial part of the events or omissions giving rise to the claims alleged herein, and a substantial part of the property that is the subject of the claims, occurred in and are situated in the Central District of California.

## II
## THE CONTROVERSY

9.      In the minds of both gun enthusiasts and the general public, the name and likeness of RICHARD "MACK" MACHOWICZ is inextricably linked to the title "weapons expert." In addition, Mack is a nationally and internationally well known and respected television celebrity host, producer, commentator, speaker and author. MACK is a former Navy Seal and martial arts practitioner, with expert knowledge and decades of experience with a vast variety of weapons and weapons systems. MACK has appeared nationally and internationally working for Discovery Communications International, in particular hosting and producing for the Discovery Channel and Military Channel programs entitled " Future Weapons" and "Weapons That Changed The World." Two new shows are soon to premiere on SPIKE Television called "Deadliest Warrior" and "Most Lethal" with MACK as the host and expert where his vast expertise in weapons will be spotlighted yet again. As an internationally recognized weapons and military expert MACK has been featured in numerous trans-media outlets ranging from internationally recognized pop culture magazines to pop culture televisions shows, such as Dr. Phil where he was featured on a program discussing accountability and responsibility. He has also been immortalized as the "ultimate unlockable character" in the videogame version of "Deadliest

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

Warrior" which is manufactured and produced by SPIKE TV.  As the founder of "The Bukido Institute" and "The Bukido Training System," MACK utilizes his more than three decades of experience in martial arts, as well as his skills as a speaker, motivational coach and writer to train and instruct others seeking enhancement and improvement in the areas of professional and personal growth and development. Through his company MINDLAB MEDIA, LLC, MACK has coached and mentored thousands of individuals in mastering self improvement and performance under stress and pressure with an emphasis on personal integrity, good character and personal responsibility. He has provided motivational speeches for the NFL, NBA, and Fortune 500 Companies. He is the author of the best-seller book "Unleash The Warrior Within" which has been published in four different languages.  The Cincinnati Bengals went from last in the NFL Division to first in their division and their coach was named "Coach of the Year" following the adoption of MACK's performance under stress teachings and adoption of his "Not Dead Can't Quit" trademarked slogan as the Bengal's mantra for that championship year. Celebrity sports radio personality Jim Rome has dubbed MACK "The Coach For Coaches." MACK has donated his time and celebrity for numerous charities. In short MACK is the prototype of the all-around good American soldier. MACK has also worked with companies and other organizations generating significant revenues through his television appearances, training institutes, speaking engagements and books he has authored. All of these accomplishments, his significant body of work and his influence on others make MACK one of the most desired and premiere spokespersons for commercial endorsements, and in particular endorsements for those products that are most desired by gun enthusiasts.

10.    LWRCI (also known as "Land Warfare Resources International") is a developer, manufacturer, marketer and seller of sophisticated firearm weapons and other weapons accessories throughout the world and according to its own

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

company publicity is one of the world's largest producers of assault rifles. According to LWRCI's website, LWRCI's sales were in excess of $25 Million in sales in 2009 (a number which it looks to dwarf in 2011 as it pursues a billion dollar national government defense contract). LWRCI positions itself through advertising as a sophisticated developer and manufacturer of accurate, prevision, reliable and durable firearm weapons and accessories tailored for military, law enforcement and civilian uses. LWRCI markets its image, as well as its products in electronic formats over the internet and through print advertisements in magazines and other gun periodicals and publications in Los Angeles County, California, and throughout the entire United States.

11.     From 2007 through 2008 MACK featured three (3) stories about LWRCI's products on the television show "Future Weapons" which MACK hosts and produces for The Discovery Channel and The Military Channel. LWRCI liked MACK's coverage of its products and approached MACK to thank him. LWRCI's Vice President Darren Mellors ("Mellors") told MACK how much they enjoyed the program and MACK's coverage of LWRCI's products. MACK told Mellors he liked LWRCI's products and asked how he could obtain a rifle from LWRCI. Mellors told MACK that would not be a problem and for MACK to simply call him whenever he may want one.

12.     Following the very positive meeting between MACK and Mellors, MACK informed Andrew Lear ("Lear"), the representative for MINDLAB and MACK, that he should contact Mellors regarding the possibility of a celebrity endorsement deal with MACK. In or around the Spring of 2008, Lear contacted Mellors to discuss the possibility of a celebrity endorsement deal between LWRCI and MACK. Mellors told Lear they were not interested in entering a paid celebrity endorsement deal at that time but left the door open for future discussions. Mellors told Lear that LWRCI very much liked MACK and would like to stay in touch and discuss future possibilities.

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

13.     In June of 2010 the popular SPIKE TV show "Deadliest Warrior" entered the show's third season and MACK was named as the new host of the wildly successful show, further increasing MACK's profile and value as a celebrity endorser of weapons-related products. This show is considered SPIKE TV's "flagship show" (i.e. the show the network is most affiliated with in the eyes of viewers). Upon the third season of "Deadliest Warrior" going forward with MACK as its new celebrity host, MACK contacted Mellors to discuss the possible use of a LWRCI rifle on "Deadliest Warrior" or in a new potential show in development at the time with SPIKE called "Weapon X." Mellors told MACK he remembered his 2008 promise to send MACK a rifle and that he'd be happy to do so and it would be great if LWRCI could possibly be featured yet again in another show hosted by MACK. Mellors then asked MACK if he would be willing to send him a photograph with the rifle. MACK replied "not only will I send a photo, I'll autograph it," but reiterated to Mellors that the photograph was for Mellors' personal use only to which Mellors agreed.

14.     The rifle was then delivered to MACK in June of 2010. Unfortunately, no opportunity presented itself on "Deadliest Warrior" for the rifle to be featured and the "Weapon X" show was not picked up by SPIKE TV. SPIKE TV instead chose to pursue a new series called "Most Lethal" with MACK as a host (and which is currently set for filming to commence in July 2011), presenting yet another opportunity for the LWRCI weapon to potentially be profiled.

15.     In January of 2011, MACK and MINDLAB delivered a fan photograph to Mellors which featured MACK kneeling while holding the LWRCI firearm (along with two other identical firearms borrowed from a third party for the photoshoot). ("The Subject Work" attached hereto as Exhibit "A"). That Subject Work is copyrighted by MINDLAB as the holder of most such intellectual property featuring MACK.

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

16.     Mellors replied to MACK and MINDLAB that LWRCI was very impressed with the Subject Work. Mellors then asked MACK how LWRCI could use the Subject Work beyond personal use and for commercial endorsement purposes. In response MACK directed Mellors to negotiate the terms of all such deals through MACK's representative, Lear.

17.     In January of 2011 MACK, Lear and LWRCI's President Richard Bernstein ("Bernstein") and Mellors spoke in person during a trade show regarding potential commercial use of the photograph. MACK and Lear again reiterated to both Bernstein and Mellors that any use of the photograph must be pursuant to a signed endorsement deal. Bernstein assured Lear LWRCI would make a deal.

18.     Lear thereafter followed up with LWRCI and made no fewer than four (4) attempted phone calls to Mellors for purposes of negotiating and discussing an endorsement offer.

19.     Despite Bernstein's representations and Lear's numerous calls to LWRCI, none of Lear's telephone calls were returned and no further communications were had with anyone at LWRCI regarding a potential commercial endorsement deal with MACK involving the Subject Work.

20.     MINDLAB and MACK then discovered that its' Subject Work (which constituted intellectual property controlled by MINDLAB for the benefit of MACK and protected by both copyright and the right of publicity) was now appearing on LWRCI's website. The Subject Work also appeared as a material part of a print commercial advertisement in the April 2011 issue of Guns & Ammo Magazine (Exhibit "B"). Said photograph also contained an alleged express endorsement by MACK and is accompanied by fictitious quotes manufactured by LWRCI and which LWRCI directly attribute to MACK. For example, the advertisement states "Mack has travelled the world to find and test the best of breed. . . He found them. His personal rifles are LWRCI." MACK in

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

fact never made these comments and never authorized any commercial endorsement of any of LWRCI's products and trade brands appearing in the advertisement.

21.     At no time did LWRCI obtain Plaintiffs' consent to use the Subject Work or to appropriate MACK's likeness for the use in the commercial sales advertisement which appeared on LWRCI's website and which was advertised by LWRCI through paid commercial advertisements taken out in the internationally circulated print magazine known as "Guns & Ammo" (which is the premiere magazine catering to the prime demographic of gun enthusiasts and LWRCI consumers).

22.     On January 10, 2011, LWRCI's representative Mellor expressly asked upon receipt of his fan photo, "How can I use the pics? Can I use them in print advertising?" To which MACK instructed Mellors to negotiate with his representative Lear. Plaintiffs never consented to LWRCI's commercial use of MACK's likeness and in fact repeatedly attempted to negotiate a deal for the commercial use to no avail. Plaintiffs never consented to the use of any words by LWRCI attributing endorsement by MACK of any of LWRCI's products. Furthermore Plaintiffs never consented to any commercial use by LWRCI of the Subject Work featuring the photographic image of MACK taken by MACK and MINDLAB in any other manner whatsoever.

23.     MINDLAB is the sole and exclusive author and owner of the copyright of the Subject Work for which MINDLAB holds a duly issued statutorily registered copyright with the Register of Copyrights (Registration #VA 1-765-728,date of first publication January 20, 2011).

24.     The Subject Work containing MACK's image and likeness embodies the statutory and common law right of publicity, which is a separate valuable property right controlled by MACK. Any and all solicitations for the use of MACK's image and likeness, all reviews of such offers, and all decisions

concerning the authorization or denial of the use of MACK's image and likeness are rendered in Los Angeles County, California. All contracts concerning the use of MACK's image and likeness are executed in California and all monitoring activities concerning MACK's image and likeness are performed by Plaintiffs in California.

**III**

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF COPYRIGHT ACT OF 1976 (17 U.S.C. §§101 *ET.SEQ.*)**

**BY PLAINTIFF MINDLAB AGAINST ALL DEFENDANTS**

25.     Plaintiffs incorporate by reference paragraphs 1 to 24 of this complaint into this claim for relief as though fully set forth herein.

26.     By their actions alleged above, Defendants have infringed and will continue to infringe upon Plaintiff MINDLAB's copyright in and relating to the Subject Work involving the image of MACK by causing to be reproduced and published, in violation of Plaintiff's exclusive rights, the Subject Work involving the photographic image of MACK on Defendants' website and also through print advertising on at least one known nationally circulated print publication entitled Guns & Ammo.

27.     MINDLAB is without adequate remedy at law and are entitled to an injunction restraining Defendants, their officers, agents, employees and anyone affiliated with them from engaging in any further such acts in violation of the Copyright Act. Plaintiff also seeks a court order requiring Defendants to divulge any other wrongful uses involving the Subject Work and full disclosure of any and all other infringing uses of the Subject Work by Defendants.

28.     Plaintiff is further entitled to recover from Defendants the damages Plaintiff has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above.

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

29.     At the present, Plaintiff cannot fully ascertain the amount of such damages, gains, profits, and advantages, but Plaintiff alleges upon information and belief that such amount exceeds three million dollars ($3,000,000.00).

## SECOND CLAIM FOR RELIEF
## LANHAM ACT VIOLATION
## BY PLAINTIFFS AGAINST ALL DEFENDANTS

30.     Plaintiffs incorporate by reference paragraphs 1 to 29 of this complaint into this claim for relief as though fully set forth herein.

31.     By publishing and distributing throughout the United States the photograph of MACK purportedly endorsing and advertising for sale Defendant's products, services and trade brands, as alleged hereinabove, Defendants created the false impression that Plaintiffs were associated in some manner with Defendant and/or its services, products and trade brands and that Plaintiffs had in some manner agreed to the use of MACK image and likeness in the advertisement and promotion of said products, and that Plaintiffs approved of, sponsored, and endorsed Defendant's business, business practices, products and trade brands.

32.     Said impressions were entirely false in that Plaintiffs have never commercially endorsed said product(s) or trade brands, have no association with said product(s) or trade brands, or with Defendants, and did not consent to the use of MACK's image and likeness for such commercial purposes. Plaintiffs have not approved of, sponsored, or endorsed such product(s) or the Defendants and their respective companies, and trade brands that manufacture or sell such products.

33.     Said misconduct by Defendants constitute a willful and extraordinary violation of Section 43 of the Lanham Act, 15 U.S.C. §§1125(a) and (b).

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

34.    As a direct and proximate result of Defendants' above described misconduct, Plaintiffs have suffered and will suffer substantial monetary damages in a sum according to proof at the time of trial.

35.    Defendants did not engage in the above described misconduct out of any sincere or proper motives. Defendants' misconduct was rather knowing, willful and oppressive, and intended to appropriate to Defendants without compensation what Defendants knew or should have known to be Plaintiffs' valuable rights. Said misconduct also constituted a fraud on the public in that the public was led to believe falsely that Plaintiffs consented to such commercial use of MACK's image and likeness and was associated with, approved of, and specifically endorsed the products and Defendant's business.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**

**BY PLAINTIFFS AGAINST ALL DEFENDANTS**

36.    Plaintiffs incorporate by reference paragraphs 1 to 35 of this complaint into this cause of action as though fully set forth herein.

37.    Plaintiffs did not give Defendants permission for any such commercial use of MACK's image and likeness. The right to use MACK's image and likeness to advertise and promote Defendants' products and brands, to generate sales and revenues, and to enhance Defendants' commercial image throughout the United States and the world is an extremely valuable commercial right for which Plaintiffs would have demanded payment to MINDLAB for the benefit of MACK and been entitled to receive a substantial fee had Plaintiffs' consented to such use. Such advertisement and promotion was used to Defendants' advantage, commercial and otherwise, thereby denying Plaintiff's the use and control of MACK's image, likeness, and persona as this is Plaintiff's personal property.

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

38.     Defendants' use of MACK's likeness and image in the above described manner constitutes a willful violation of Plaintiffs' common law right of publicity, which is a distinct right of privacy under California law.

39.     Plaintiffs, upon information and belief, assert that Defendants have profited from the unauthorized use of MACK's likeness and image in website advertising and in print advertisement for Defendants' products, all of which were done at the expense of Plaintiffs.

40.     As a direct and proximate result of Defendants' unauthorized use of MACK's likeness and image to promote and sell Defendants' name brands and products, Plaintiffs have suffered and will suffer substantial monetary damages in an amount according to proof at the time of trial, but which is in excess of the minimum jurisdiction of this Court.

41.     Plaintiffs allege upon information and belief that Defendants did not engage in the above described misconduct out of any sincere or proper motives. Defendants' misconduct was rather knowing, willful and oppressive, and was intended to appropriate to Defendants without compensation what Defendants knew or should have known to be Plaintiffs' valuable property rights. Said misconduct also constituted a fraud on the public in that the public was falsely led to believe that Plaintiffs consented to Defendants' commercial use of MACK's image and likeness and that MACK was associated with and approved of Defendants' trade brand names, products and the products on which MACK's image was depicted.

42.     Defendants' conduct was willful, wanton and malicious, and was intended to cause Plaintiffs' injury. Defendants intentionally and deliberately misappropriated MACK's likeness and image to promote Defendants image, brand names and products and was accomplished with a reckless disregard for Plaintiff's well-being, rights and sensibilities.  Defendants did not engage in the above described misconduct out of any sincere or proper motives, but rather

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

acted in a manner which was knowing and willful and oppressive. Defendants intended to appropriate to themselves without compensation what Defendants knew to be Plaintiffs' valuable property and proprietary rights in MACK's identity. Plaintiffs are therefore entitled to punitive damages in an amount appropriate to punish Defendants for their wrongful conduct in depriving Plaintiff's of the valuable rights guaranteed to Plaintiffs by the laws of the State of California.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF CALIFORNIA CIVIL CODE §3344**

**BY PLAINTIFFS AGAINST ALL DEFENDANTS**

43.     Plaintiffs incorporate by reference paragraphs 1 to 42 of this complaint into this claim for relief as though fully set forth herein.

44.     Defendants' publication and distribution of MACK's likeness and image throughout the United States purportedly advertising and promoting Defendants' image, name brands, products, business and commercial interests as alleged hereinabove violated Plaintiffs' rights under Section 3344 of the California Civil Code.

45.     Plaintiffs allege upon information and belief that Defendants profited from the unauthorized use of MACK's likeness and image both online through Defendants' commercial websites and in commercial advertisements in nationally distributed print publications including Guns & Ammo magazine which contained a commercial advertisement promoting Defendants' image, trade brands and soliciting sales of Defendants' products all at the expense of Plaintiffs' statutory rights.

46.     As a direct and proximate result of Defendants' above described misconduct, Plaintiffs have suffered and will suffer substantial monetary damages in an amount according to proof at the time of trial, but which amount is in excess of the minimum jurisdiction of this Court.

47.    Defendants' conduct was willful, wanton and malicious, and intended to cause Plaintiffs injury. Defendants intentionally and deliberately misappropriated MACK's likeness and image to promote Defendants' business and commercial interests with reckless disregard for Plaintiffs' well being, rights, and sensibilities. Defendants' misconduct also constituted a fraud on the public, in that the public was falsely led to believe that Plaintiffs consented to such commercial use of MACK's likeness and image to promote and endorse Defendants' business, trade brands and products. Defendants did not engage in the above described misconduct out of any sincere or proper motive. Defendants' misconduct was rather knowing and willful and oppressive, and Defendants intended to appropriate to themselves without compensation what Defendants knew to be Plaintiffs' valuable proprietary and property rights in MACK's image and identity. Plaintiffs are therefore entitled to an award of punitive and exemplary damages in an amount appropriate to punish Defendants for their wrongful conduct in depriving Plaintiffs of the valuable rights guaranteed to Plaintiffs by <u>California Civil Code</u> §3344.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION BY PLAINTIFFS AGAINST ALL DEFENDANTS

48.    Plaintiffs incorporate by reference paragraphs 1 to 47 of this complaint into this claim for relief as though fully set forth herein.

49.    The unauthorized use of Plaintiffs' property and publication of Defendants' advertisements and sales solicitations throughout the County of Los Angeles, California and the United States of products and/or services containing MACK's image and likeness and involuntarily advertising and promoting said products and/or services under Defendants' trade brand names and the use of Plaintiffs' image and likeness for such commercial purposes was without Plaintiffs' knowledge or permission, and created the false impression of

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

association, sponsorship and approval, all of which constituted unfair and fraudulent business practices and, accordingly, constituted unfair competition as defined in <u>California Business and Professions Code</u>, Section 17200 *et seq.*

50.     As a direct and proximate result of Defendants' said misconduct, Defendants have been unjustly enriched at the expense of Plaintiffs in a substantial sum, and Plaintiffs are entitled to the restitution of said sum, according to proof at the time of trial.

51.     Defendants did not engage in the above described misconduct out of any sincere or proper motive. Defendants' misconduct was knowing and willful and oppressive, and intended to appropriate to Defendants without compensation what Defendants knew or should have known to be Plaintiffs' valuable proprietary and property rights. Said misconduct also constituted a fraud on the public in that the public was led to believe falsely that Plaintiffs consented to such commercial use of MACK's image and likeness and was associated with and approved of the Defendants' businesses, trade brands and products and services.

52.     Defendants' conduct was willful, wanton and malicious, and intended to cause Plaintiffs injury. Defendants intentionally and deliberately misappropriated MACK's likeness and image to promote Defendants business and commercial interests with reckless disregard for Plaintiffs' well being, rights, and sensibilities. Said misconduct was knowing, willful and oppressive, and was intended to promote and advertise Defendants' business activities, brand names and products without regard to the false depiction of MACK as a spokesperson and/or model endorsing Defendants' business and products. Plaintiffs are therefore entitled to an award of punitive and exemplary damages in an amount appropriate to punish Defendants for their wrongful conduct in depicting MACK.

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

## IV

## PRAYER

WHEREFORE, Plaintiffs MINDLAB MEDIA, LLC and RICHARD "MACK" MACHOWICZ pray for judgment against Defendants LWRC INTERNATIONAL, LLC, FAILZERO, and DOE Defendants, and each of them as follows:

## FIRST, SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF

1. For a finding Defendants have infringed upon Plaintiffs' copyright in the Subject Work;

2. For a temporary and permanent injunction enjoining, restraining, prohibiting and preventing Defendants and DOE Defendants and their agents from utilizing the Subject Work and Plaintiff RICHARD "MACK" MACHOWICZ's image or likeness in any manner whatsoever;

3. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants, be ordered to identify all infringing uses of the Subject Work and return to Plaintiffs any and all originals, copies, negatives, transparencies or duplicates of the Subject Work in their possession, custody or control;

4. That Defendants be required to account to Plaintiffs for their respective gains, profits, and advantages derived from their respective infringement and unauthorized use of the Subject Work and Plaintiff's image and that all gains, profits, and advantages derived by Defendants from their respective acts of infringement and unauthorized use be deemed to be held in constructive trust for the benefit of Plaintiffs;

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

5. For special and general damages in the sum of $3,00,000.00 (three million dollars) or such greater sum as shall be found to have been caused by Defendants' misconduct, pursuant to those claims for which such damages are available together with interest thereon;

6. For $3,000,000.00 (three million dollars) or such greater sum by which Defendants have been unjustly enriched and to which Plaintiffs are entitled to restitution, together with interest thereon pursuant to those claims for which such damages are available;

7. For other statutory, compensatory and restitution damages according to proof pursuant to those claims for which such damages are available;

8. For an award of punitive and exemplary damages against Defendants in the sum of $3,000,000.00 (three million dollars) or such greater sum pursuant to those claims for which such damages are available;

9. For attorney fees incurred in this action for which such fees are recoverable pursuant to <u>California Civil Code</u>, §3344, Section 35 of the Lanham Act and the Copyright Act, and any other law which allows for the recovery of such fees;

10. For costs of suit and disbursements incurred in this action;

11. For prejudgment and post-judgment interest;

12. For any other and such further relief which the Court may deem appropriate and just.

Dated: April 18, 2011                    PIERCE LAW GROUP LLP

BY: _____

David Albert Pierce, Esq.
F. Robert Nakahiro, Esq.
Attorneys for Plaintiffs
RICHARD MACHOWICZ,
MINDLAB MEDIA, LLC

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims triable by jury.

Dated: April 18, 2011

PIERCE LAW GROUP LLP

By: _____

David Albert Pierce, Esq.
F. Robert Nakahiro, Esq.
Attorneys for Plaintiffs
RICHARD MACHOWICZ,
MINDLAB MEDIA, LLC

PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212

Exhibit "A"



Exhibit"B"



    

© 2011 LWRC INTERNATIONAL, LLC, ALL RIGHTS RESERVED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 3405 CAS (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

F. Robert Nakahiro, Esq., [SBN 130110]
PIERCE LAW GROUP LLP
9100 Wilshire Boulevard, Suite 225 East Tower
Beverly Hills California 90212
Tel. (310) 274-9191  Fax (310) 274-9151
Email: robert@piercelawgroupllp.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDLAB MEDIA, LLC, a California Limited Liability Company, RICHARD MACHOWICZ, **PLAINTIFF(S)**<br><br>v.<br><br>LWRC INTERNATIONAL, LLC, a Maryland Limited Liability Company; FAILZERO, an unknown Florida entity; DOES 1 to 10, inclusive,<br><br>**DEFENDANT(S).** | CASE NUMBER<br><br>CV11 03405 CAS (FFMx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  <u>LWRC INTERNATIONAL, LLC, a Maryl</u>and Limited Liability Company,
FAILZERO, an unknown Florida entity,
A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  <u>F. Robert Nakahiro, Esq.</u>_____, whose address is <u>9100 Wilshire Blvd., Suite 225 East Tower, Beverly Hills, CA 90212</u>_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____  APR 2 1 2011

By: _____ **CHRISTOPHER POWERS**
                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

F. Robert Nakahiro, Esq., [SBN 130110]
PIERCE LAW GROUP LLP
9100 Wilshire Boulevard, Suite 225 East Tower
Beverly Hills California 90212
Tel. (310) 274-9191  Fax (310) 274-9151
Email: robert@piercelawgroupllp.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDLAB MEDIA, LLC, a California Limited Liability Company, RICHARD MACHOWICZ, PLAINTIFF(S)<br><br>v.<br><br>LWRC INTERNATIONAL, LLC, a Maryland Limited Liability Company; FAILZERO, an unknown Florida entity; DOES 1 to 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 03405 CAS (FFMx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  LWRC INTERNATIONAL, LLC, a Maryland Limited Liability Company,
      FAILZERO, an unknown Florida entity,
      A lawsuit has been filed against you.

      Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  F. Robert Nakahiro, Esq.  , whose address is  9100 Wilshire Blvd., Suite 225 East Tower, Beverly Hills, CA 90212 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                        Clerk, U.S. District Court

      Dated:  APR 2 1 2011 _____        By:  CHRISTOPHER POWERS _____
                                                        Deputy Clerk
                                                        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> MINDLAB MEDIA, LLC, a California Limited Liability Company <br> RICHARD MACHOWICZ | **DEFENDANTS** <br> LWRC INTERNATIONAL, LLC, a Maryland Limited Liability Company <br> FAILZERO, an unknown Florida entity |
|---|---|
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> PIERCE LAW GROUP LLP <br> 9100 Wilshire Boulevard, Suite 225 East Tower <br> Beverly Hills, CA 90212,  Tel. (310) 27409191, Fax (310) 274-9151 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No       ☑ **MONEY DEMANDED IN COMPLAINT: $** 3,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125, 17 U.S.C. 101 et seq., Violation of right of Publicity, Lanham Act Violation, Copyright Violation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent <br> ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11  03405

**FOR OFFICE USE ONLY:**   Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MINDLAB MEDIA, LLC - Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | LWRC INTERNATIONAL, LLC - Maryland<br>FAILZERO - Florida |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  April 18, 2011

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |