UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Fumio Nakahiro | | Benjamin Caplan |

**Proceedings:** DEFENDANT UCT ARMS, LLC'S MOTION TO DISMISS
(filed 1/6/2012)

## I.   INTRODUCTION

Plaintiff Richard Machowicz ("Machowicz") and his wholly-owned LLC, Mindlab Media ("Mindlab") (collectively, "plaintiffs"), filed the instant action on April 21, 2011. Pursuant to a stipulation between the parties, plaintiffs filed a First Amended Complaint ("FAC") on October 13, 2011, against defendants LWRC International, LLC ("LWRCI"), UCT Arms, LLC ("UCT"), Tango Down, Inc., SPS Technologies, LLC, NICORR, and Over the Beach. The FAC asserts five claims for relief: (1) Copyright Infringement pursuant to 17 U.S.C. §§ 101 et seq.; (2) Lanham Act violations pursuant to 15 U.S.C. § 1125; (3) common law right of publicity; (4) violation of Cal. Civ. Code § 3344; and (5) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL").

On January 6, 2012, UCT filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs filed their opposition on January 17, 2012, and UCT filed its reply on January 23, 2012. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   BACKGROUND

Machowicz is a television celebrity who is allegedly well-known by firearm and gun enthusiasts. FAC ¶ 3. He has hosted and produced several television shows including "Future Weapons," "Weapons that Changed the World," "Deadliest Warrior," and "Most Lethal." Id. ¶ 12. LWRCI is an international developer, manufacturer,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

marketer, and seller of sophisticated firearm weapons and accessories. Id. ¶¶ 3, 12. UCT, the moving party, owns the trademark "FailZero," which is a proprietary process wherein smooth metal coating is applied to the interior of firearms as a dry substitute to oil lubrication. See id. ¶ 4.

The majority of plaintiffs' allegations revolve around Machowicz's relationship with LWRCI. See id. ¶¶ 14–22. Specifically, plaintiffs allege that in 2007 and 2008, Machowicz featured LWRCI weapons on several episodes of his television show, "Future Weapons." Id. ¶ 14. Based on this coverage, LWRCI Vice President, Darren Mellors, approached Machowicz to thank him for the promotion. Id. Mellors allegedly promised Machowicz that he would send him an LWRCI rifle in exchange for an autographed photograph of Machowicz holding the rifle (the "Photograph"). Id. ¶¶ 14, 16. The rifle was delivered to Machowicz in June 2010, and Machowicz sent the Photograph to Mellors in January 2011. Id. ¶¶ 17, 18. According to plaintiffs, LWRCI subsequently used the Photograph without Machowicz's consent in an advertisement in the April 2011 issue of Guns & Ammo Magazine (the "Magazine Ad"). Id. ¶ 23. The Magazine Ad depicts "THE FUTURE IS NOW" in large letters across the top, followed by "[Machowicz] HAS TRAVELLED [sic] THE WORLD TO FIND AND TEST THE BEST OF BREED . . . ." located above the Photograph. FAC, Exh. B. Underneath the Photograph states: "HE [Machowicz] FOUND THEM. HIS PERSONAL RIFLES ARE LWRCI." Id. The Magazine Ad contains a large "LWRC International" emblem next to the Photograph; directs viewers to "visit LWRCI.com and discover future technology available today"; and is copyrighted to LWRC. See id. Five non-LWRC trademarks are displayed toward the bottom of the Magazine Ad, including UCT's "FailZero" trademark. Id. The Magazine Ad forms the basis for plaintiffs' asserted claims.

The only specific reference to UCT in the FAC is that the Photograph "appeared as a material part of a print commercial advertisement of LWRCI, UCT, TANGO, SPS, NICORR, and OTB" in the Magazine Ad. FAC ¶ 23. UCT's liability is instead premised on an alter ego or joint liability theory as set forth in the following paragraph from the FAC:

> Plaintiffs allege upon information and belief that in doing the acts and actions complained of herein, that all Defendants were the alter egos, agents, servants, employees, and joint ventures [sic] of each of the other Defendants. In doing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

acts and actions as alleged herein, all Defendants were acting within the course and scope of such relationship and/or agreement and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants. Plaintiffs further allege that each Defendant herein mentioned was at all times the agent and/or employee of the remaining Defendants and that each such Defendant was acting within the course and scope of said agency, joint venture, and/or employment, as well as acting for their own individual benefit and interest, and therefore each Defendant is sued jointly and severally as the agent, joint venture[r] and/or employee of every other Defendant, as well as in his/her or its individual capacity to the extent alleged and described in this complaint.

Id. ¶ 9.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.    DISCUSSION**

UCT argues that all five claims should be dismissed as to it because the allegations fail to "raise a plausible claim for relief." Mot. at 8 (emphasis in original) (relying on Twombly and Iqbal). Each claim is discussed in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

**A.    First Claim for Copyright Infringement**

To state a claim for direct infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq., a plaintiff must demonstrate ownership of a valid copyright and violation of one or more of the exclusive rights conferred by the Copyright Act. See, e.g., Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1159 (9th Cir. 2007). To state a claim for vicarious liability in a copyright infringement case, a plaintiff must demonstrate a direct financial benefit from another's infringing activity and "the right and ability to supervise the infringing activity." A&M Records v. Napster, Inc., 239 F.3d 1004, 1022 (9th Cir. 2001).

UCT argues that dismissal is appropriate because plaintiffs "have not alleged facts showing that UCT was even aware that LWRC[I] planned to place an advertisement in Guns & Ammo Magazine, nor that it had any notion that they intended to incorporate a photo of [Machowicz] in such an ad." Mot. at 9. Further, UCT contends that the FAC fails to allege facts supporting a theory of vicarious liability because there are no allegations "that UCT had any say over LWRC[I]'s advertising activities" aside from one conclusory paragraph that the defendants worked in concert and/or were the alter ego of one another. Id. (citing FAC ¶ 9).

In opposition, plaintiffs contend that the use of the Photograph in the Magazine Ad gives rise to "the following inferential allegations to properly infer conduct by UCT: (1) UCT's trademark prominently appeared" on the Magazine Ad; "(2) UCT's goods and services which it sells and markets under its 'FZ-FAILZERO' trademark includes its proprietary process utilizing a specialized interior coating for firearm weapons . . . and (3) UCT has a business relationship with" LWRCI as its alter ego, agent, servant, employee, and joint venturer because the Magazine Ad "intended to mutually benefit each and every defendant as participants in" the joint venture. Opp'n at 7–8. Further, plaintiffs argue that UCT's vicarious liability has been well-pled through "inferential allegations" by virtue of UCT's trademark appearing in the Magazine Ad. Id. at 8. Finally, plaintiffs assert that UCT "had the right and ability to supervise the infringing activity" because all "[d]efendants" were "alter egos, agents, servants, employees, and joint venturers of each other" and because "[d]efendants were acting within the course and scope of such relationship or agreement . . . ." Id. (citing FAC ¶ 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

The Court finds that plaintiffs' first claim should be dismissed as to UCT. The only allegations relating to UCT in the FAC are that UCT owns the FailZero trademark and that the FailZero mark was used in LWRCI's Magazine Ad. However, plaintiff has not alleged any facts supporting a finding that UCT was in any way involved with the Magazine Ad's creation, approval, or dissemination. To the contrary, the FAC is almost entirely devoted to LWRCI's alleged wrongdoing. Plaintiffs attempt to hold UCT vicariously liable for LWRCI's actions by alleging that UCT (and the other four defendants) acted as "the alter egos, agents, servants, employees, and joint ventures [sic] of each of the other [d]efendants," and that all defendants "were acting within the course and scope of such relationship and/or agreement and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants." FAC ¶ 9. Those allegations, however, are legal conclusions and unsupported by any facts. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S.Ct. at 1950; Moss, 572 F.3d at 969 ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Accordingly, without alleging any facts to support a finding of direct copyright infringement or vicarious liability, the claim must be dismissed. See also Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 414 (N.D. Cal. 2009) (dismissing claims against alleged agents, subsidiaries, parents, joint venturers, or predecessors because such allegations were "nothing more than bare legal conclusions, which the [c]ourt need not accept as true"); Imageline, Inc. v. CafePress.com, Inc., 2011 WL 1322525, *4 (C.D. Cal. Apr. 6, 2011) ("The only allegations [of copyright infringement] made by [plaintiff]—that each defendant was the 'agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all time . . . acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture,' . . . are nothing more than legal conclusions of the type prohibited by Iqbal and Twombly."); F.D.I.C. v. LSI Appraisal, LLC, 2011 WL 5223061, *8 (C.D. Cal. Nov. 2, 2011) (dismissing claims of "alter ego liability" because plaintiff's allegations were couched in "conclusory language" and unsupported by facts).

UCT's motion is therefore GRANTED as to plaintiffs' first claim without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

**B. Second, Third, and Fourth Claims for Trademark Infringement, Violation of Common Law Right of Publicity, and Misappropriation of Name or Likeness Pursuant to Cal. Civ. Code § 3344**

Civil liability under the Lanham Act is limited to "[a]ny person who, or in connection with any goods or services, or any container for goods, uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact." 15 U.S.C. § 1125(a)(1). The Act prohibits the use of "a false designation of origin" by any person "who believes that he or she is likely to be damaged by the use of any such false designation or representation." Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1106 (9th Cir. 1992). Similarly, "[a] common law [claim] for appropriation of name or likeness may be pleaded by alleging (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." Eastwood v. Sup. Ct., 149 Cal. App. 3d 409, 417 (Cal. Ct. App. 1983). "Under section 3344, a plaintiff must prove all the elements of the common law cause of action. In addition, the plaintiff must allege a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose." Downing v. Abercrombie & Fitch, 265 F.3d 994, 1001 (9th Cir. 2001).

UCT moves to dismiss these claims "for largely the same reasons" as the Copyright Act claim. Mot. at 10. Specifically, UCT argues that "the FAC itself states that the fictitious quotes in the ad were 'manufactured by LWRCI' and claims that LWRCI—not UCT—directly attributed the language to [Machowicz]." Id. (emphasis omitted). According to UCT, the FAC, "[a]t best," states a claim against LWRCI, but "liability does not attach by mere proximity or juxtaposition alone." Id. Further, UCT contends that the FAC "is bereft of factual allegations showing that UCT took any part in the misappropriation of [Machowicz's] image, or had any knowledge that such a misappropriation was taking place." Id. at 11 (emphasis in original).

In opposition, plaintiffs maintain that because they never commercially endorsed any UCT products or its trade brand, never consented to use of the Photograph in the Magazine Ad, and have alleged that "UCT has a relationship" with LWRCI, their Lanham Act and misappropriation claims should not be dismissed. Opp'n at 10. Plaintiffs argue that they "need not specifically allege [that] UCT used anything in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

commerce as long as [they] allege that UCT misappropriated their persona for commercial purposes." Id. at 11 (citing Waits, 978 F.2d at 1110). According to plaintiffs, "[t]hese allegations all raise a reasonable expectation that discovery will reveal evidence showing that UCT engaged in violation of [p]laintiffs' common law right of publicity." Id. at 12.

The Court finds that the second, third, and fourth claims should be dismissed. As with the claim for copyright infringement, plaintiffs have not alleged that UCT used plaintiffs' trademark in commerce because there are no allegations that UCT was responsible for creating, approving, or disseminating the Magazine Ad. Although plaintiffs contend that "[d]efendants" used Machowicz's image and likeness, the only alleged use is via the Magazine Ad. FAC ¶ 40. Thus, the only basis for liability against UCT on any of these claims appears to be vicarious liability. As set forth in detail above, however, plaintiffs' conclusory allegations are not supported by any facts and therefore must be dismissed. Iqbal, 129 S.Ct. at 1950; Moss, 572 F.3d at 969. Further, plaintiffs' contention that "discovery will reveal evidence showing that UCT engaged" in wrongful conduct is precisely what the Supreme Court seeks to avoid: "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950.

Accordingly, UCT's motion is GRANTED as to plaintiffs' second, third, and fourth claims without prejudice.

### C. Fifth Claim for Violation of UCL

To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq., a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's UCL "borrow[s] violations of other laws" and treats them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (internal quotation marks omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortg., 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405 CAS (FEMx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC.; ET AL. v. LWRC INTERNATIONAL, LLC; ET AL. | | |

Here, plaintiff's UCL claim is based on the "unauthorized use of [p]laintiffs' property" through alleged copyright and trademark infringement from the Magazine Ad. FAC ¶ 52. UCT argues this claim must also be dismissed because the underlying claims are inadequately pled. Mot. at 12.

As set forth above, plaintiffs have failed to plead any plausible claims for relief against UCT. For those same reasons, plaintiffs' UCL claim—which is predicated on their first four claims—must also be dismissed. Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1147 (Cal. Ct. App. 2011) ( "Because the underlying [claims] fail, the derivative UCL" claim must also fail). Accordingly, UCT's motion is GRANTED as to plaintiffs' fifth claim without prejudice.

## V. CONCLUSION

In accordance with the foregoing, UCT's motion is GRANTED without prejudice. Plaintiffs shall have twenty (20) days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |