Daniel A. Berman (State Bar No. 161696)
  dberman@wshblaw.com
Lisa L. Boswell (State Bar No. 190304)
  lboswell@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant, LWRC INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MINDLAB MEDIA, LLC, a California Limited Liability Company; RICHARD MACHOWICZ, | CASE NO. CV11 03405 CAS |
| Plaintiffs, | **[PROPOSED] ORDER RE: AMENDED STIPULATION AND PROTECTIVE ORDER** |
| v. | NOTE CHANGES MADE BY COURT |
| LWRC INTERNATIONAL, LLC a Maryland Limited Liability Company; FAILZERO, an unknown Florida entity; DOES 1 to 10, inclusive, | [Assigned to U.S. District Judge Christine A. Snyder, Courtroom 5] |
| Defendants. | Trial Date:        5/7/13 |

Plaintiffs MINDLAB MEDIA, LLC, a California Limited Liability Company, and RICHARD MACHOWICZ (hereinafter collectively the"Plaintiffs"), and Defendants LWRC INTERNATIONAL, LLC, a Maryland Limited Liability Company, and TANGO DOWN, INC., an Arizona Corporation (hereinafter collectively the "Defendants")(hereinafter collectively the "Parties" or individually each as a "Party"), recognize that some documents, things, testimony, and information that may be discoverable or disclosed in this action may contain private, confidential, proprietary, financial, sales, phone lists, customer lists, revenue data, profit

*(sidebar, vertical text)* WOOD, SMITH, HENNING & BERMAN LLP — Attorneys at Law — 10960 WILSHIRE BOULEVARD, 18TH FLOOR — LOS ANGELES, CALIFORNIA 90024-3804 — TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

and loss statements, or trade secret information ("Confidential Information"), the disclosure of which could be harmful to the disclosing party.  The Parties execute this Amended Stipulated Protective Order (hereinafter the "Protective Order") in accordance with Federal Rules of Civil Procedure Rule 29(b) and Rule 26.

**IT IS HEREBY STIPULATED** by and among the Parties hereto, through their respective counsel of record, that, to the extent the Parties produce or provide documents, things, testimony, or information that comprise or contain Confidential Information, such documents, things, testimony, or information may be produced or provided upon the following terms and conditions:

1.      A Party to this action who produces or provides documents, things, testimony or other information, which he, she, or it reasonably believes to comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Protective Order, shall designate such information or materials as either "CONFIDENTIAL" or, if such information or materials are of a highly confidential or proprietary nature, such as financial, customer, phone lists, sales, revenue data, profit and loss statements, or trade secret information, as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.      The designation of documents, things, testimony, or other information as "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be made as follows:

        a.      Documents and things comprising or containing Confidential Information, including discovery responses, shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY."  If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

b.  A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice after service of the deposition transcript.  If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting Party shall instruct the court reporter to stamp or mark each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Alternatively, the requesting Party may instruct the court reporter to separately bind such designated pages of the transcript.  If confidential treatment of a transcript is requested by a Party by written notice after completion of a deposition, such written notice shall be mailed to all other Parties within twenty (20) calendar days after completion and service of the transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  Documents or things used as exhibits at a deposition that a Party desires to be subject to this Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Any and all such deposition transcripts generated in connection with this litigation shall be treated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" until such time as twenty-five (25) calendar days have passed from the time the Parties receive the deposition transcript.

c.  Any Party may designate documents or things produced by a third party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by providing written notice to

each other Party within ten (10) calendar days of receipt of the documents or things produced by the third party.  Such written notice shall specifically identify each document or thing produced by the third party that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  No Party is authorized to disclose any third party documents produced in connection with any subpoena until fifteen (15) calendar days have elapsed since receipt of the materials, and no Party has designated the documents or things produced by such third party as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

3.      By designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this Protective Order, the Party making such designation certifies that there is a good faith basis in both fact and law for the designation, such that good cause exists under Federal Rules of Civil Procedure Rule 26(c)(1).

4.      In the absence of designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this Protective Order, such documents, things, testimony, or other information shall be deemed to be non-confidential and not restricted by this Protective Order.

5.      Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be held in confidence by the attorneys and their office personnel for the Parties in this action, and shall be used solely in connection with the prosecution, defense, or settlement of this action.  Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be disclosed to any person except as provided by this Protective Order.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

6.     Information and materials designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following persons:

a.     The Court before which this action is pending and the clerks and other personnel of the Court;

b.     The attorneys of record for the parties in this matter;

c.     The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

d.     Experts or other persons necessarily retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

e.     Any Party, and any Party's officers, directors, partners, private counsel or insurance carriers, provided that such persons expressly agree to be bound by the terms of this Protective Order;

f.     Third-party witnesses, but only as to Confidential Information to which such witness had access prior to the entry of this Protective Order;

g.     Any court reporter at a deposition or other proceeding in this matter;

h.     Any mediator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement or other resolution of this action; and

i.     Such other persons as the Parties may agree to in writing, or who may be designated by the Court.

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

7. Information and materials designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to this Protective Order (including any copies, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following persons:

a. The Court before which this action is pending and the clerks and other personnel of the Court, provided that Parties comply with Local Rules – Central District of California Rule 79-5.1, and Federal Rules of Civil Procedure Rule 26(c)(1)(A)-(H) and Rule 26(c)(2);

b. The attorneys of record, private counsel, and/or insurance carriers for the Parties in this matter;

c. The office personnel employed by the attorneys of record and/or private counsel for the Parties in this matter working under direct supervision of said attorneys;

d. Any court reporter at a deposition or other proceeding in this matter;

e. Any mediator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement or other resolution of this action; and

f. Such other persons as the parties may agree to in writing, or who may be designated by the Court.

8. Additionally, to the extent any Party desires to disclose information and materials designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" to persons other than those designated in Paragraphs 7(a)-7(f) of this Protective Order (including any copies, excerpts, and abstracts derived therefrom), such Party shall adhere to the following process identified in Paragraph 8(a) of this Protective Order, below, as an express condition precedent to any such disclosure.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

a.      Process for Disclosure of information and materials designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY":

i.      First, the Party seeking to disclose information and materials designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" shall designate in writing with particularity the material for which disclosure is sought, as well as the person or persons to whom disclosure would be made, and the conditions applicable thereto, if any;

ii.      Second, if the Party who has produced the information and materials designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" denies the request for further disclosure or fails to respond within five (5) business days of the date the request is received, the Party seeking to disclose the material shall file an appropriate motion.  **Any such motion must comply with Rule 37 of the Local Rules.  (FFM)**

iii.      The Party who has produced the information and materials designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" shall file its response to the motion within five (5) business days of receipt of the motion;

iv.      Thereafter, all Parties shall use their best efforts to expedite resolution of the matter;

v.      The Court's determination shall thereupon take precedence over the provisions of this Protective Order with respect to the documents in dispute, but shall not otherwise effect the provisions of this Protective Order;

b.      Without limiting the foregoing, Paragraph 8 of this Protective Order shall govern the disclosure of information and materials designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" to the following third parties:

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

i.      Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

ii.     Third-party witnesses, but only as to  Confidential Information to which such witness had access prior to entry of this Protective Order;

9.     Prior to receiving any documents, things, testimony, or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," each "qualified person" specified above in paragraphs 6(d)-(i), 7(d)-7(f), 8(b)(i), and 8(b)(ii), shall be provided with a copy of this Protective Order and shall execute a **Nondisclosure Agreement** in the form of ***Attachment "A***."  Counsel who disclose designated Confidential Information to such a "qualified person" shall maintain the executed copy of the Nondisclosure Agreement in his or her file and make it available at or in connection with any Court proceeding where it may be called for.

10.    This Protective Order shall not expand or restrict the rights of any Party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any documents, things, or information.  Nor shall this Protective Order expand or restrict the rights of any Party to seek to have the Court compel the production of any documents, things, or information.

11.    This Protective Order shall not affect the rights of or restrictions on any Party to use or disseminate any documents, things, or information obtained independently of discovery in this action, whether or not such documents, things, or information are also obtained through discovery.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1 Nothing in this Protective Order shall restrict a Party from using, disclosing,

2 or disseminating its own documents, things, or information as it deems

3 appropriate, whether or not such documents, things, or information have

4 been designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'

5 EYES ONLY" in accordance with this Protective Order.

6     12.    If any documents, things, or information designated as

7 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are

8 included with any papers filed with the Court, the filing Party shall **lodge** ~~file~~

9 **(FFM)** such papers and materials under seal in accordance with Local Rules

10 – Central District of California Rule 79-5.1. <u>Unless and until a court order to</u>

11 <u>file under seal is entered, confidential material shall be lodged separately as</u>

12 <u>exhibits and will be returned to counsel upon completion of the hearing for</u>

13 <u>which the confidential material is submitted</u>.

14     13.    ~~In the event that any documents, things, or information~~

15 ~~designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES~~

16 ~~ONLY" are used in any Court proceeding in this action, such documents,~~

17 ~~things, or information shall not lose its designated confidential status through~~

18 ~~such use, and the Parties shall take all reasonable steps to maintain its~~

19 ~~confidentiality.~~ **(FFM)**

20     14.    Maintenance of the protected status of any "CONFIDENTIAL" or

21 "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents, things, or

22 information shall in all cases be subject to further order of the Court.

23 Nothing herein shall preclude any Party upon proper notice to all other

24 Parties from applying to the Court for any modification of this Protective

25 Order, or moving the Court for an order changing the status of any particular

26 designated information or document, or relieving a Party from the restrictions

27 contained in this Protective Order, or from applying to the Court for further or

28 additional protective orders.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

15.    This Order shall be without prejudice to the right of any Party to present a motion to the Court under Federal Rules of Civil Procedure Rule 26(c) (or other applicable law) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein and including challenges to the designations made pursuant to this Order.  ~~Any Party to this Order objecting to a designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under Paragraph 2 shall, within ten (10) calendar days after notice of said designation,  notify the designating Party, in writing, of its objection and the basis for the objection.  The designating Party shall then have ten (10) business days from receipt of the written objection to respond to the objecting Party to arrange for a meet and confer.  If the designating Party does not respond within the ten (10) business day period (or within whatever longer period of time the Parties agree to in writing), the challenged designation shall be deemed removed pending further written agreement of the Parties or order of the Court.  If the designating Party does  respond within the ten (10) business day period (or within whatever longer period of time the Parties agree to in writing), but after meeting and conferring the objection cannot be resolved, the Party seeking to disclose the materials marked as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the other Party shall file a motion for an order to remove the challenged designation.  Pending the Court's ruling, the provisions of this Order shall apply and disclosure and use of the challenged documents or information shall not be made except according to the challenged designation as provided under this Order.  This Order shall not be modified without a showing of good cause and meeting any other applicable burdens under the law~~.  **(FFM)**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

16. ~~No Party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," however, the failure to express a challenge in accordance with the time constraints identified in Paragraph 15, above, shall constitute a waiver of the right to challenge the designation of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"~~. **(FFM)**

17. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

18. At the conclusion of this action, including the time for any appeal, any Party may serve a written notice on the other Parties demanding that the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents and things that were produced by that Party and that are still in existence, including all copies, summaries, excerpts, and abstracts thereof, be returned or destroyed. Within thirty (30) calendar days of receipt of such demand, counsel shall certify in writing that such documents and things have been returned or destroyed. To the extent any Party disclosed information and materials designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to experts or other third parties identified in Paragraph 8 of this Protective Order, such Party shall, upon receipt of the demand, obtain a

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1 certification in writing from the expert or third party in possession of such
2 information or materials that such documents or things have been returned.

3      19.    The Parties to this agreement may change its terms or effects at
4 any time by further mutual agreements in writing as approved by the Court.

5      20.    This Protective Order is entered solely for the purpose of
6 facilitating the exchange of documents, things, and information between the
7 Parties in this action.  Nothing in this Protective Order nor the production of
8 any documents, things, or information under the terms of this Protective
9 Order nor any proceedings pursuant to this Protective Order shall be
10 deemed to have the effect of an admission or waiver of any kind by any
11 Party.

12      21.    The Parties and their attorneys and any other persons subject to
13 the terms of this Protective Order agree that the Court shall have jurisdiction
14 over them for the purpose of enforcing this Protective Order.

15      22.    The Parties expressly covenant that the terms of this Protective
16 Order shall survive any final disposition of this litigation.

17      23.    The Parties and their attorneys and any other persons subject to
18 the terms of this Protective Order further agree that upon the signing of this
19 Stipulation and Protective Order by the Court, this Protective Order shall be
20 effective against each Party as of the date of the signature of that Party or its
21 representative.  The Parties agree to abide by the terms of this Protective
22 Order prior to its approval by the Court and whether or not it is ultimately
23 approved by the Court.

24    **23A.  Nothing in this Protective Order limits the rights of any party**
25 **in another action to conduct discovery or the subpoena power of**
26 **another court.  (FFM)**

27 / / /
28 / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    24.    On May 10, 2012, the parties previously filed the same

2    stipulation but it was rejected by the court for procedural issues.

3    **IT IS SO ORDERED**.

4

5    DATED: May 29, 2012

6

7

8                              By:   /S/ FREDERICK F. MUMM

9                                    Hon. Frederick F. Mumm

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## Attachment "A"

## NONDISCLOSURE AGREEMENT

I, _____, state that:

1.    My address is

_____

2.    My present employer is

_____

3.    My present occupation or job description is

_____

4.    I have received a copy of the Protective Order entered in the case of Mindlab Media, LLC, et. al. v. LWRC International, LLC, et. al., United States District Court – Central District of California Case No. CV11 03405 CAS.

5.    I have read and understand the Protective Order.  I hereby agree to comply with all of the terms of the Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

LEGAL:05936-0083/2277853.1

-14-

PROPOSED ORDER

6.      I hereby expressly covenant that I will only use the documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in connection with the above-referenced litigation and that I will not use such documents, things, or information for any other purpose.  Further, I expressly covenant that I will not use such documents, things, or information for the benefit of myself or any other person or entity.

7.      Within thirty (30) calendar days of notice by any Party that this litigation is over, or that my involvement is no longer deemed necessary, I expressly covenant that I will return all information and materials provided to me with the designation of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  I will also provide a Declaration, submitted under penalty of perjury, that identifies by Bates Number, the information and materials that I am returning.

8.      I hereby consent to the jurisdiction of the United States District Court – Central District of California – Western Division for the purpose of enforcing the Protective Order and this agreement to be bound thereby.


Dated: _____          _____

                                                         Signature


                                                         _____

                                                         Print Name

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05936-0083/2277853.1

-15-
PROPOSED ORDER