UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| David Pierce<br>Duane Bartsch<br>Peter Haven | Christopher Cummiskey<br>Lisa Boswell<br>R. Gregory Amundson | |

**Proceedings:** **DEFENDANT'S REQUEST FOR RULINGS ON EVIDENTIARY OBJECTIONS FILED IN CONJUNCTION WITH PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** [Dkt. No. 128]

**DEFENDANT'S MOTIONS IN LIMINE** (filed March 18, 2013) [Dkt. Nos. 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 135]

**DEFENDANT'S REQUEST FOR A JURY QUESTIONNAIRE** [Dkt. No. 166]

I.  INTRODUCTION

Plaintiffs Richard Machowicz ("Machowicz") and his wholly-owned LLC, Mindlab Media ("Mindlab"), filed the instant action on April 21, 2011. Plaintiffs filed the operative Second Amended Complaint ("SAC") on February 28, 2012, against defendants LWRC International, LLC ("LWRCI"), UCT Arms, LLC ("UCT"), Tango Down, Inc., SPS Technologies, LLC, NICORR, and Over the Beach.[1] The SAC asserts five claims for relief: (1) Copyright Infringement pursuant to 17 U.S.C. §§ 101 et seq.; (2) Lanham Act violations pursuant to 15 U.S.C. § 1125; (3) common law right of

---

[1] Defendant "Over the Beach" is named only as "an unknown business entity" and has not been served with the summons or complaint in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

publicity; (4) violation of Cal. Civ. Code § 3344; and (5) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"). Dkt. No. 72. Defendant LWRCI is the only defendant remaining in this action.

On March 18, 2013, defendant filed eleven motions in limine; plaintiffs opposed the motions on March 25, 2013. The Court held a pretrial conference on April 15, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

II.   **BACKGROUND**

Plaintiff Machowicz is a television personality, a former Navy Seal, the author of a best-selling book, a weapons expert, and a motivational speaker. Mindlab is the business entity responsible for loaning out the services of Machowicz, its managing member, and for holding any intellectual property associated with him.

Defendant LWRCI is a developer, manufacturer, marketer, and seller of sophisticated firearm weapons and accessories. LWRCI was created in April 2008, following an asset purchase from Lietner-Wise Rifle Company, and bills itself as a sophisticated developer and manufacturer of accurate and reliable firearm weapons and accessories. Defendant advertises its products through print advertisements in magazines and other "gun periodicals" and over the internet.

Plaintiffs contend that LWRCI wrongfully capitalized on Machowicz's goodwill and notoriety by misappropriating his image and using it in unauthorized advertisements, along with other commercial uses. Pls.' Memo. of Contentions of Fact and Law at 1. In particular, plaintiffs claim that LWRCI delivered a rifle to Machowicz in June of 2010 to be used on his Spike TV show, and in exchange, Machowicz emailed defendant a "fan photograph" of himself holding the LWRCI rifle. Id. at 2. Thereafter, defendant's Vice President, Darren Mellors, replied to plaintiff's email, asking "How can I use the pics? Can I use them in print advertising?" After receiving no response to his email, Mellors submitted an advertisement containing the photograph to Guns & Ammo magazine, in addition to publishing the photograph on defendant's website.

Defendant contends that, in fact, Machowicz and Mellors entered into an agreement whereby LWRCI would provide plaintiff with a free rifle, in exchange for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

plaintiff delivering a photograph of himself holding the rifle that defendant could use in print and internet advertising. As such, defendant argues that its use of the photograph on its website and in print advertising was permissible.

### III.   ANALYSIS

    **A.   Defendant's Request for Written Rulings on Evidentiary Objections Filed in Conjunction with Plaintiff's Motion for Summary Judgment**

Defendant requests written rulings on various evidentiary objections that defendant made in conjunction with plaintiff's motion for summary judgment. First, the Court denies as moot any of defendant's objections to the Machowicz Declaration submitted in support of plaintiff's motion for summary judgment. Clearly, plaintiffs will not be relying on the contents of a declaration to prove their case at trial. Second, defendant submits various objections to the exhibits attached to this same declaration on hearsay and lack of foundation grounds. To the extent the Court can comprehend the basis for these objections, they are overruled. It is not hearsay for a declarant to attach an exhibit to their declaration and describe its contents, nor does Machowicz appear to lack foundation to attest to whether Exhibit F, for example, is a true and correct copy of the advertisement featuring the photograph at issue. Defendant's objections are without merit.

For similar reasons, defendant's objections to the exhibits attached to the Second Declaration of David Pierce are also without merit. The Court has the discretion to consider this evidence submitted in support of plaintiff's reply brief, as the evidence is responsive to contentions that defendant made in opposition to plaintiff's motion. Defendant does not contend that it suffered any prejudice as a result of this evidence being considered by the Court, and defendant was free to offer its own evidence or argument at the hearing with respect to this evidence, but defendant did not do so. Finally, defendant's objections on hearsay and lack of foundation grounds are overruled for the same reasons noted above.

    **B.   Motion in Limine No. 1 to Preclude Any Evidence of the Exemplar Documents Filed by Plaintiff in Order to Obtain Copyright Registration**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

Defendant seeks an order precluding plaintiff from introducing any evidence not produced during discovery that pertains to the registration of the subject photograph under Copyright Registration No. VA 1-756-728. In particular, defendant contends that the only documents produced by plaintiff during discovery with respect to plaintiff's ownership of a copyright over the photograph were: (1) a print out from the U.S. Copyright Office's public catalogue describing this registration; (2) a copy of the certificate for the "J. Alan Barnes Photo of Richard 'Mack' Machowicz"; (3) a work for hire photo shoot agreement; and (4) a cease and desist letter sent by the Pierce Law Group to LWRCI. See Decl. of Christopher Cummiskey ¶¶ 3–11, Ex. A thereto. As such, defendant's contention appears to be that plaintiffs should not be allowed to introduce documents or other evidence not disclosed during the discovery process, including any "exemplar documents" filed with plaintiffs' copyright registration.

Defendant's motion is without merit. First, the Court already considered and rejected defendant's argument in ruling on plaintiff Mindlab's motion for summary judgment. A motion in limine is not the proper vehicle by which to seek reconsideration. The Court in its discretion considered the evidence submitted by plaintiff with its reply briefing that responded to defendant's assertions in its opposition. Defendant was free to offer its own evidence at the hearing, to the extent defendant had any evidence available to it.[2] Second, defendant's assertion that plaintiff did not produce any such exemplar photograph appears to incorrect, based on defendant's own evidence submitted on this motion. Exhibit A to the Cummiskey Declaration, which purportedly contains plaintiff's entire document production related to plaintiff's ownership of a copyright over the subject photograph, *includes* a copy of the photograph at issue in this litigation. See id. Defendant's contention that plaintiffs did not produce the exemplar photograph in response to defendant's discovery requests is thus belied by defendant's own evidence. Accordingly, defendant's motion in limine no. 1 is DENIED.[3]

---

[2] For example, defendant could have obtained a copy of the work associated with claim VA 1-756-728 just as readily as plaintiff, by requesting such a copy from the Copyright Office.

[3] The Court notes plaintiffs' objection to all of defendant's motions in limine on the grounds that defendant failed to meet and confer with respect to each and every motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

**C.   Motion in Limine No. 2 to Preclude Any Evidence of Plaintiff Machowicz's Financial Information Not Produced in Discovery**

Plaintiffs do not oppose this motion, and the Court therefore GRANTS defendant's unopposed motion in limine no. 2.

**D.   Motion in Limine No. 3 to Preclude Any Evidence of LWRCI's Contracts with the Saudi Royal Guard**

Defendant's third motion in limine seeks to preclude the introduction of any evidence of contracts that defendant entered into with the Saudi Royal Guard in 2012 and 2013 for the purchase of firearms to be used for the protection of the Saudi Royal Family. If executed to completion, these contracts could potentially net defendant millions of dollars, but there is at present no guarantee that this will occur. Defendant argues that evidence relating to these contracts is irrelevant and highly prejudicial. See Fed. R. Evid. 401–403. The allegations in plaintiffs' complaint concern defendant's alleged actions in late 2007 to 2011, and therefore defendant maintains that this evidence is irrelevant to the present suit. Moreover, any attempt by plaintiffs to use this evidence to portray defendant as a company with significant financial means could lead a jury to increase a damage award unjustly.[4]

In response, plaintiffs argue that LWRCI's finances are at issue, particularly for determining the extent of any unjust enrichment or punitive damages. In addition, plaintiffs speculate that the contracts could be relevant to the extent that Machowicz's

---

The Court admonishes all parties to comply with the Local Rules and OVERRULES this objection.

[4] Defendant also contends that there has been "no discovery or deposition testimony related to the contracts," yet plaintiffs are expected to offer "unsubstantiated facts" obtained from "various unidentified persons" at trial. The Court denies defendant's objection without prejudice, as this objection is premature when the evidence pertaining to these contracts is not yet before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

perceived endorsement of LWRCI played a role in LWRCI securing these contracts. Plaintiffs note that evidence of the Saudi Royal Guard contracts was obtained from depositions of LWRCI officers, each of whom had firsthand knowledge of the existence and monetary terms of these contracts.

The Court DENIES defendant's motion without prejudice to a further showing at trial. Plaintiffs have yet to establish how these contracts would be relevant to the instant litigation, other than to potentially demonstrate defendant's assets if the trial reaches the question of punitive damages. There is no evidence before the Court thus far that would support plaintiffs' speculation that Machowicz's perceived endorsement of LWRCI played any role in defendant procuring these contracts. To the extent plaintiffs can make such a showing, the evidence may be admissible, but at present, plaintiffs have not done so. Accordingly, the Court DENIES defendant's motion without prejudice.

**E.     Motion in Limine No. 4 to Preclude Plaintiff Mindlab Media, LLC's Copyright Claim Based Upon a Lack of Subject Matter Jurisdiction**

Defendant seeks to "preclude" plaintiff Mindlab's copyright claim, asserting that this Court lacks subject matter jurisdiction over the claim because plaintiff has not demonstrated ownership of a valid copyright. The Court denies this motion for the reasons noted above in relation to defendant's motion in limine no. 1. The Court already considered and rejected defendant's argument in conjunction with plaintiff's motion for summary judgment, and defendant has offered no reason for the Court to revisit this conclusion here, even if it were procedurally proper for the Court to do so on this motion. Accordingly, defendant's motion is DENIED.

**F.     Motion in Limine No. 5 to Preclude to Preclude Plaintiffs' Claims for Punitive Damages**

Defendant contends that plaintiffs are not entitled to seek punitive damages in conjunction with their common law and statutory right of publicity claims under California law, Cal. Civ. Code § 3344, reasoning that these claims are preempted by the Copyright Act. At the outset, the Court notes that this argument is not properly presented on a motion in limine, as defendant is seeking to "preclude" plaintiffs' claim in its entirety. Regardless, the Court finds defendant's argument unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

California provides both a statutory and common law right of publicity claim. To establish a claim under the common law, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." Eastwood v. Superior Court, 149 Cal. App. 3d 409, 416 (1983). Under California Civil Code § 3344, any person who knowingly uses another's likeness for purposes of advertising without that person's consent is liable for any damages sustained by that person. A plaintiff must still prove all the elements of the common law claim to succeed. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1001 (9th Cir. 2001).

Section 301(a) and (b) of the Act determine when a state law claim is preempted. In particular, "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103" are preempted. 17 U.S.C. § 301(a). Two elements must be met for a state law claim to be preempted under this section. First, the "subject matter" of the state law claim must fall within the subject matter of copyright, as described in 17 U.S.C. §§ 102 and 103, which includes literary works, musical works, pictorial works, and more "fixed in any tangible medium of expression." See Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006). Second, "the rights asserted under state law [must be] equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." Id. These include the rights of reproduction, preparation of derivative works, distribution of copies, and public performance and display. See 17 U.S.C. § 106.

This case is on all fours with the Ninth Circuit's decision in Downing, which found that the plaintiffs' claims did not fall within the subject matter of copyright. 265 F.3d at 1004. In Downing, the plaintiffs brought claims for appropriation of likeness under California law, contending that the defendant clothing retailer acted impermissibly in placing a photograph of the plaintiffs in its clothing catalog and identifying them by name. As the court noted, "it is not the publication of the photograph itself, as a creative work of authorship, that is the basis for [their] claims, but rather, it is the us of [their] likenesses and their names pictured in the published photograph. Downing, 265 F.3d at 1003. Thus, the "subject matter" of the plaintiffs' claims was their "names and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

likenesses," neither of which is a work of authorship within the meaning of 17 U.S.C. § 102, and therefore the plaintiffs' claims were not preempted. Id. at 1004.

Although plaintiffs also bring claims for copyright infringement, the basis of plaintiffs' misappropriation of likeness claims under California law is their contention that defendant misappropriated plaintiff Machowicz's image and likeness for defendant's own commercial gain. SAC ¶¶ 43–45. Like the defendant in Downing, defendant did not merely make allegedly unlawful copies of plaintiffs' copyrighted image, but instead used the image in an advertisement and attributed various statements to Machowicz regarding defendant's products. Thus, it is indisputable that the "subject matter" of these claims is Machowicz's name and likeness, as in Downing, which does not fall within the subject matter of copyright set forth in 17 U.S.C. § 102. Accordingly, the Court concludes that plaintiffs' claims for violation of the common law right of publicity and violation of California Civil Code § 3344 are not preempted, and plaintiffs may seek punitive damages at trial in conjunction with these claims.

Defendant's second argument is that plaintiffs' should be precluded from seeking punitive damages because plaintiffs offer no evidence of "oppression, fraud, or malice" that would entitle plaintiffs to seek such damages. See Cal. Civ. Code § 3294. At this stage, the Court denies defendant's motion. First, the jury must return a verdict for plaintiffs awarding actual damages and find defendant guilty of "malice, oppression or fraud." Cal. Civ. Code § 3295(d). Then, if in fact plaintiffs have "no evidence" that defendant acted with malice, oppression, or fraud, then there is nothing for the Court to preclude by way of this motion in limine. As bifurcation of a punitive damages phase is appropriate event, defendant would suffer no prejudice if plaintiffs present whatever evidence they may have during this phase of trial, assuming that the jury finds the requisite elements met for punitive damages. Accordingly, the Court DENIES defendant's motion without prejudice.

### G. Motion in Limine No. 6 to Bifurcate Trifurcate the Trial as to Liability, Special Damages and Punitive Damages

Defendant moves for an order trifurcating the trial in this action, addressing liability, special damages, and punitive damages in three distinct phases. Defendant contends that splitting the liability and damages, as well as the special and punitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

damages phases, would promote judicial economy and avoid prejudice. In particular, defendant contends that the damages phase is likely to be lengthy and complicated, given the difficulty of valuing something like the intellectual property rights at stake in this litigation. However, defendant contends that none of this testimony will be relevant to the liability phase and therefore will only be necessary if plaintiffs succeed on the merits of their claims. As to punitive damages, defendant notes the comprehensive evidence of its financial information that would have to be disclosed, which could cause it prejudice if disclosed in the liability phase of the proceeding.

In opposition, plaintiffs assert that establishing the facts of this case and entitlement to the remedies sought will require substantially the same facts and evidence. Moreover, since it is "extremely unlikely" that plaintiffs will lose on the merits, trifurcation will only introduce needless delay and expense into the proceeding, and therefore no phasing of the trial is appropriate.

The Court concludes that bifurcation, not trifurcation, is appropriate. The first phase will address the question of defendant's liability and damages, as well as the question of whether planitiff has proven by clear and convincing evidence that defendant acted with "oppression, fraud, or malice." Civ. Code § 3294. If the jury makes this latter finding, then a second phase to determine the quantum of exemplary damages will be appropriate. Accordingly, the Court DENIES defendant's motion without prejudice.

### H. Motion in Limine No. 7 to Preclude All Evidence or Reference of Insurance

Plaintiffs do not oppose this motion, and the Court therefore GRANTS defendant's unopposed motion in limine no. 7.

### I. Motion in Limine No. 8 to Preclude Evidence or Reference to Prior or Subsequent Lawsuits or Claims Involving Defendant or its Agents

While not identifying any prior or subsequent lawsuits in particular that defendant seeks to exclude from the present dispute, defendant contends that all such evidence should be excluded on relevancy grounds. Plaintiffs do not oppose this motion, with the exception that plaintiffs would use such evidence for impeachment purposes if defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

raised the issue itself. The Court therefore GRANTS IN PART defendant's unopposed motion in limine no. 8; plaintiffs may seek to impeach any of defendant's witnesses if defendant raises at trial the issue of past lawsuits or claims filed against it.

### J. Motion in Limine No. 9 to Preclude Any Evidence or Reference to LWRCI's Complaint Against Plaintiffs Filed in U.S. District Court, for the Northern District of Maryland

Defendant moves to exclude any evidence or reference at trial to a prior declaratory judgment action arising out of these same facts filed by defendant in the United States District Court, Northern District of Maryland, Case No. 1:11-cv-1028, as irrelevant and prejudicial to the case at hand. Although defendant admits that the facts underlying that action are "essentially the same" as those raised by plaintiffs here, defendant argues that the fact that this case was filed has no bearing on the outcome of any of plaintiffs' claims in the instant case. As such, defendant contends that permitting any evidence of the Maryland action in this suit would only serve to inflame and mislead the jury and place defendant in a bad light, in addition to being a waste of time.

Plaintiffs argue that this evidence is relevant and admissible, because this evidence demonstrates defendant's pattern and practice of bad faith behavior with respect to the events at issue in this case, including LWRCI's unauthorized use of Machowicz's image, its fabricated statements of endorsement attributed to plaintiff, and refusal to issue an apology. At a minimum, evidence of this declaratory action is relevant to issues of punitive damages and plaintiffs' request for attorney's fees and costs. As recounted by the Maryland federal district court, after plaintiffs sent defendants a cease and desist letter:

> Negotiations between the parties' legal counsel ensued. Machowicz's attorneys threatened to file suit unless presented with what they considered a bona fide settlement offer by April 18th. On that date, LWRCI's counsel wrote to Machowicz's counsel, stating that LWRCI had not yet heard back from its insurance company regarding its coverage inquiries, and asking that Machowicz and Mindlab refrain filing suit while "we explore with you the facts on which you would base any claim and determine whether the insurance carrier will be involved." The next day, April 19th, LWRCI filed this suit seeking a declaratory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

judgment that its use of the photograph did not violate the Lanham Act, the Copyright Act, or Maryland common law.

LWRC Int'l, LLC v. Mindlab Media, LLC, 838 F. Supp. 2d 330, 333-34 (D. Md. 2011) (citations omitted); see also Decl. of David Pierce ¶ 3. Plaintiffs then responded by immediately filing this action on April 21. The Maryland federal court specifically found that the facts demonstrated that "LWRCI's entreaty to Defendants' counsel to delay filing suit until it could explore the case and speak with its insurance company was little more than a disingenuous feint to allow it to file first and litigate close to home." LWRC Int'l, 838 F. Supp. 2d at 338. Thus, the court concluded that LWRCI's filing was a "questionable procedural ploy" and declined to exercise jurisdiction under the Declaratory Judgment Act. Id.

The Court denies defendant's motion in limine without prejudice to a further showing at trial. The fact that the United States District Court Judge Benson Legg found defendant's course of dealing in this litigation to be "little more than a disingenuous feint" and "guileful" may be relevant in the instant case, depending upon the showing plaintiffs make at trial. Accordingly, defendant's motion is DENIED without prejudice.

**K.  Motion in Limine Nos. 10 and 11 to (1) Exclude Close the Court to the Public and (2) Preclude Further Dissemination of Any Confidentially Marked LWRCI Documents**

The Court finds that the Court should not be closed to the public during trial. Defendant offers no grounds for such a drastic measure, other than its concern that its "private financial information" will be made public. Were this concern sufficient to justify closing the courtroom to the public, there would be no public civil trials remaining in America. Preventing the disclosure of defendant's private corporate financial information is plainly not the sort of "important government interest" that warrants closing a trial to the public. See Nixon v. Warner Communications, 435 U.S. 589 (1978). Accordingly, defendant's motion in limine no. 10 is DENIED.

Defendant also seeks an order from the Court precluding further dissemination of defendant's confidentially marked documents produced during discovery to anyone outside of the named parties, their attorneys, witnesses, experts, and sitting jurors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3405-CAS (FFMx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | MINDLAB MEDIA, LLC, ET AL. V. LWRC INTERNATIONAL, LLC, ET AL. | | |

Although Magistrate Judge Frederick Mumm has already entered a stipulated protected order in this case, LWRCI contends that a further instruction at trial is warranted to prevent any further dissemination to the general public of these documents. The Court concludes that such an instruction may be warranted and will therefore address the need for defendant's proposed instruction before trial.

### IV. CONCLUSION

In accordance with the foregoing, the Court DENIES in part and GRANTS in part defendant's motions in limine, as set forth in this order.[5]

IT IS SO ORDERED.

|  | : | 07 |
|---|---|---|
| Initials of Preparer | MS | |

---

[5] On April 12, 2013, defendant submitted a request for a jury questionnaire and attorney-conducted voir dire at trial. For the reasons stated on the record by the Court during the pretrial conference, defendant's request is DENIED. Limited attorney voir dire will be allowed at sidebar in the Court's discretion.